1

2

3

4

5

6

7

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

8

CRYSTAL KRUEGER, an individual on behalf
of herself and others similarly situated,

9

10                              Plaintiff,

v.

11

ALASKA AIRLINES, INC., an Alaska
Corporation,

12

13                              Defendant.

14

**CLASS ACTION**

NO.

COMPLAINT FOR DAMAGES

15        Plaintiff Crystal Krueger ("Representative Plaintiff"), on behalf of herself individually

16   and others similarly situated, alleges as follows for her Complaint:

17                              **I.        INTRODUCTION**

18        1.1     Flight attendants are the face of an airline. They smile as they serve their

19   passengers rounds of beverages, snacks, and meals and as they collect their passengers' trash.

20   They are charged with keeping their passengers safe by delivering briefings and performing life-

21   saving duties when the need arises. They assist passengers in securing and retrieving luggage.

22   They ensure that their passengers can relax and enjoy their flights by answering myriad call

23   buttons. Yet, every day, these airline service workers are denied basic human privileges, such as

24   using the restroom, eating a meal, or relaxing for even a few minutes. They are not paid for any

25   of their pre- or post-flight time activities, nor for being "on-duty" and under their employer's

26   rules any time they set foot in an airport or on an aircraft. These workers suffer in silence every

27   day while putting on a happy face for the passengers they serve.

CLASS ACTION COMPLAINT - 1

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1       1.2    Plaintiff brings this class action against Defendant Alaska Airlines, Inc. ("Alaska

2   Airlines" or "Alaska") to redress Alaska Airlines' policies and practices of systematically

3   denying its hourly Flight Attendant workers minimum wage, overtime pay, rest breaks, and

4   statutorily required meal periods.

5       1.3    Plaintiff brings this action to recover unpaid regular wages, minimum wages,

6   overtime wages, liquidated damages, interest, and attorneys' fees and costs, and to redress

7   Alaska Airlines' illegal policies and practices and willful violations of Washington law.

8              **II.**    **PARTIES**

9       2.1    Representative Plaintiff Crystal Krueger is an individual residing in Puyallup,

10  Washington. She has worked as a Flight Attendant at Alaska Airlines in SeaTac, King County,

11  Washington, since 2019. Ms. Krueger is an hourly, non-exempt employee in Washington within

12  three years of the date of this Complaint. Ms. Krueger is a citizen and resident of Washington.

13      2.2    Defendant Alaska Airlines is an Alaska corporation with its corporate

14  headquarters in SeaTac, Washington. Defendant Alaska Airlines is a citizen of Alaska and

15  Washington.

16      2.3    Defendant Alaska Airlines is an "employer" subject to statutes governing

17  employment in the state of Washington, including Ch. 49.12 RCW, Ch. 49.46 RCW, and Ch.

18  49.48 RCW.

19            **III.**    **JURISDICTION AND VENUE**

20      3.1    The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010,

21  and because Alaska Airlines has purposefully availed itself of the privileges of doing business in

22  King County. Alaska Airlines employs all putative class members in Washington, and the

23  unlawful acts alleged herein have a direct effect on individuals who are based and live in

24  Washington.

25      3.2    Venue is proper in King County pursuant to RCW 4.12.020 and 4.12.025 because

26  Alaska Airlines: (a) presently transacts business in King County; (b) has an office for the

27

CLASS ACTION COMPLAINT - 2

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1  transaction of business in King County; and (c) transacted business in King County at the time
2  Representative Plaintiff's causes of action arose.

3                                    **IV.     FACTS**

4        4.1     Alaska Airlines is the sixth largest airline in North America.

5        4.2     Alaska Airlines operates out of five hubs. Its primary hub is the Seattle-Tacoma
6  International Airport in SeaTac, King County, Washington.

7        4.3     Alaska Airlines employs over 20,000 employees, including thousands of Flight
8  Attendants like Representative Plaintiff Crystal Krueger.

9        4.4     Representative Plaintiff and the putative class are employed as Flight Attendants
10  based at the Seattle-Tacoma International Airport.

11        4.5     Representative Plaintiff and the putative class are required to be on-duty at the
12  Sea-Tac airport between one and two hours prior to the first flight of their shift.

13        4.6     Representative Plaintiff and the putative class utilize an application on their
14  mobile phones which allows them to check in for their shift once they are within the geofencing
15  boundaries of the airport.

16        4.7     After checking in on their phones, Representative Plaintiff and the putative class
17  are on-duty—they must be in uniform and ready to respond to any calls, texts, or pages from
18  their supervisors. They also must be ready to board alternate flights within a matter of minutes
19  whenever they are at the airport if requested to do so.

20        4.8     When Representative Plaintiff and the putative class are on-duty they are subject
21  to discipline if they do not follow Alaska Airlines' uniform policies and procedures. They are
22  otherwise under the control of Alaska Airlines.

23        4.9     Representative Plaintiff and the putative class are required to be at their gates no
24  more than 45 minutes prior to the flight's scheduled departure.

25        4.10    Representative Plaintiff and the putative class are required to be on board the
26  aircraft 40 minutes prior to departure.

27

CLASS ACTION COMPLAINT - 3

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

4.11    Representative Plaintiff and the putative class are required to perform work duties as soon as they are on board the aircraft, including, but not limited to, assisting passengers, providing service items, delivering exit row passenger briefings, performing compliance checks and securing the aircraft, closing the doors, arming the aircraft, cross-checking doors, and delivering safety and security briefings.

4.12    As a Washington employer, Alaska Airlines is obligated to: (a) foster a workplace culture that actively promotes meaningful break time for its hourly Flight Attendants; (b) ensure that such employees take all statutorily required meal and rest periods; (c) compensate them for all missed meal and rest periods; and (d) maintain accurate records of hours worked, which includes a duty to maintain accurate records regarding the timing, taking, and length of meal periods.

4.13    Washington law requires that meal periods be completely duty-free, completely uninterrupted, of at least 30 minutes in length, and be taken no later than the fifth hour of work. Washington law also requires employers to pay employees for missed, interrupted, untimely, or shortened meal periods.

4.14    Through policies and practices common to all Flight Attendants, including Representative Plaintiff, Alaska Airlines has fostered a workplace culture that discourages employees from both taking required meal and rest periods, and preventing them from seeking pay for all missed breaks.

4.15    When on a flight, Flight Attendants must remain alert, vigilant, on-duty, and available at all times to respond to any passenger needs or safety or security issues that may arise.

4.16    Accordingly, Flight Attendants do not receive 30 minutes of duty-free uninterrupted meal period time for every 5 hours of work. Nor do they receive duty free rest periods of ten minutes in length for every 4-hour period of work.

CLASS ACTION COMPLAINT - 4

1    4.17    After a flight lands, Representative Plaintiff and members of the putative class

2 must remain on board the aircraft until all passengers have exited and must continue to perform

3 their work tasks such as assisting passengers and retrieving service items.

4    4.18    Once Representative Plaintiff and the putative class are allowed to exit an aircraft,

5 unless that is their last flight of the day, they remain on-duty until their next scheduled flight.

6    4.19    Representative Plaintiff and members of the putative class do not receive the

7 applicable minimum wage for each hour they are on duty. They are paid on a piece-rate basis

8 according to the miles flown on each flight through a formula called Trip For Pay ("TFP").

9    4.20    Representative Plaintiff and members of the putative class do not receive 1.5

10 times their regular rate of pay for each hour they are on duty beyond 40 hours per week.

11    4.21    Representative Plaintiff and members of the class do not receive separate

12 compensation for ten minutes of pay at their regular rate of pay or overtime rate (as may be

13 applicable) for each four-hour period of duty.

14    4.22    Alaska Airlines maintains no system for representative Plaintiff or putative class

15 members to track the frequency with which they miss meal or rest breaks, or have meal periods

16 interrupted, or shortened, or late.

17    4.23    Alaska Airlines does not separately compensate representative Plaintiff or

18 members of the putative class for missed rest breaks, or for missed, shortened, interrupted or

19 untimely meal periods.

20              **V.    CLASS ALLEGATIONS**

21    5.1    Representative Plaintiff realleges paragraphs 1.1 through 4.23 of the Complaint

22 and hereby incorporates the same by reference.

23    5.2    Representative Plaintiff brings this action on her own behalf, as well as on behalf

24 of all other similarly-situated employees.

25    Plaintiff's proposed classis defined as follows:

26          Alaska Airlines Flight Attendants who are based out of Seattle-
          Tacoma International Airport and residents of the State of
27

CLASS ACTION COMPLAINT - 5

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1   Washington, for the time period beginning three years prior to the
2   filing of this Complaint to the date of trial.

3   All members of the class are collectively referred to as "Class Members." As used in this

4   Complaint, the "relevant time period" is from three years prior to the filing of this Complaint

5   until certification of the class in this lawsuit.

6   5.3   As enumerated above, Alaska Airlines engaged in common acts, practices, and

7   policies that violated the Representative Plaintiff's and Class Members' rights under Washington

8   state wage and hour laws. Accordingly, Representative Plaintiff seeks certification of the

9   proposed class under CR 23.

10   5.4   Representative Plaintiff's claims meet the requirements for certification. There is

11   a well-defined community of interest in the litigation and the Class Members are readily

12   ascertainable.

13   a.   Numerosity: The Class is so numerous that joinder of all Class Members is

14   infeasible and impractical.  The membership of the class is unknown to Representative

15   Plaintiff at this time.  However, based on Representative Plaintiff's investigation, and on

16   information and belief, the number of class members is reasonably estimated to be 4,000.

17   The identity of Class Members is readily ascertainable from Alaska Airlines'

18   employment records.

19   b.   Typicality: Plaintiff's claims are typical of those of the other Class Members

20   because:

21   i.   Representative Plaintiff Crystal Krueger is a member of the putative class;

22   ii.   Representative Plaintiff was and is a non-exempt employee, employed as a

23   Flight Attendant at Alaska Airlines who regularly works shifts of 10.5

24   hours or longer;

25   iii. Representative Plaintiff is Washington citizen and her home hub for

26   Alaska Airlines is Seattle-Tacoma International Airport;

27

CLASS ACTION COMPLAINT - 6

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

iv. Representative Plaintiff's claims stem from the same practices or course of conduct that form the basis of the class claims;

v. All of the Class Members' claims are based on the same facts and legal theories;

vi. There is no antagonism between Representative Plaintiff's interests and the Class Members because their claims are for damages provided to each individual employee by statute; and

vii. The injuries that Representative Plaintiff suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

   c. <u>Adequacy</u>: Representative Plaintiff will fairly and adequately protect the interests of the Class because:

i. There is no conflict between Representative Plaintiff's claims and those of the other Class Members;

ii. Representative Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any Class Member;

iii. Representative Plaintiff agrees to actively participate in the case and protect the interests of the putative Class Members;

iv. Representative Plaintiff has retained counsel experienced in handling wage-and-hour class actions who have already devoted substantial time and resources to investigating the Class Members' claims and who will vigorously prosecute this litigation; and

v. Representative Plaintiff's claims are typical of the claims of Class Members in that her claims stem from the same practice and course of conduct that forms the basis of the class claims.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

d.  <u>Superiority</u>: Class action adjudication is superior to other methods of adjudication for at least the following reasons:

    i.    The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages;

    ii.    The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications;

    iii.    Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and her attorneys will vigorously pursue the claims on behalf of the Class Members; and

    iv.    A class action will be an efficient method of adjudicating the claims of the Class Member employees.

e.  <u>Public Policy Considerations</u>: Employers in Washington regularly violate wage and hour and other employment laws.  The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

f.  <u>Predominance</u>: There are questions of law and fact common to the Class Members, which predominate over any issues involving only individual class members, including but not limited to:

    a.    Whether Alaska Airlines pays its Flight Attendants minimum wage for all hours on duty;

CLASS ACTION COMPLAINT - 8

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

b.  Whether Alaska Airlines pays its Flight Attendants the applicable overtime rate for all hours on duty in excess of 40 hours per week;

c.  Whether Alaska Airlines fulfills its mandatory obligations under Washington law to ensure that legally compliant meal periods are taken by Flight Attendants;

d.  Whether Alaska Airlines fulfills its mandatory obligations under Washington law to ensure that legally-compliant rest breaks are taken by Hourly Employees;

e.  Whether Alaska Airlines compensates its piecework-paid employees separately for rest breaks;

f.  Whether Alaska Airlines pays class members for legally non-compliant meal periods;

g.  Whether Flight Attendants who work shifts in excess of 10.5 hours in length are denied additional legally-compliant meal periods;

h.  Whether Alaska Airlines has a policy of providing no additional meal periods to Flight Attendants who work shifts in excess of 10.5 hours in length;

i.  Whether Flight Attendants who were not provided their additional meal periods on shifts in excess of 10.5 hours were compensated for the missed meal periods;

j.  Whether Alaska Airlines ensures class members take rest breaks;

k.  Whether Alaska Airlines pays class members for legally non-compliant rest breaks;

l.  Whether Alaska Airlines violated Washington wage and hour laws;

m. Whether Alaska Airlines' conduct was willful or reckless; and

n.  the nature and extent of class wide injury and the measure of compensation for such injury.

CLASS ACTION COMPLAINT - 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1  **VI.    FIRST CAUSE OF ACTION – FAILURE TO PAY WAGES OWED IN VIOLATION OF WASHINGTON LAW**

2

3      6.1      Representative Plaintiff realleges paragraphs 1.1 through 5.4 of the Complaint and

4  hereby incorporates the same by reference.

5                          **Count 1 – Missed Meal Periods**

6      *On behalf of Representative Plaintiff in her individual capacity and on behalf of the Unpaid Wages Class*

7      6.2      Alaska Airlines' policies and practices, described above, deny Representative

8  Plaintiff and the putative class members of legally compliant meal periods, and deny them of pay

9  for legally non-compliant meal periods.

10     6.3      Representative Plaintiff and the putative class members have therefore been

11 deprived of pay for all regular and overtime hours, in violation of Washington law, including

12 RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW 49.52.050.

13                         **Count 2 – Rest Breaks**

14     6.4      Alaska Airlines' policies and practices, described above, deny Representative

15 Plaintiff and the putative class members of legally compliant rest periods, and deny them of pay

16 for legally non-compliant rest periods.

17     6.5      Washington employees who are paid by piece rate are entitled to an additional ten

18 minutes of pay at the applicable regular or overtime rate for each duty period of four hours.

19 Alaska Airlines' policies and procedures, described above, fail to so compensate Representative

20 Plaintiff and the putative class members

21     6.6      Representative Plaintiff and the putative class members have therefore been

22 deprived of pay for all regular and overtime hours, in violation of Washington law, including

23 RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW 49.52.050.

24

25

26

27

CLASS ACTION COMPLAINT - 10

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

**Count 3 – Minimum Wage**

*On Behalf of Representative Plaintiff and the Unpaid Wages Class*

6.7     Alaska Airlines' failure to compensate Representative Plaintiff and putative class members at the applicable minimum wage for each hour worked violates Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050.

**Count 4 – Failure to Pay Overtime Wages**

*On Behalf of Representative Plaintiff and the Unpaid Wages Class*

6.8     Washington employees who work more than 40 hours in a seven-day workweek must be paid at least one and one-half times the employee's regular rate of pay.

6.9     Alaska Airlines' policies and practices described above deny Representative Plaintiff and the putative class pay at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek in violation of Washington law, including RCW 49.46.130 and RCW 49.52.050.

**VII.     SECOND CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF WASHINGTON LAW**

***On behalf of Representative Plaintiff in her individual capacity and on behalf of All Class Members***

7.1     Representative Plaintiff realleges paragraphs 1.1 through 6.9 of the Complaint and hereby incorporates the same by reference.

7.2     Alaska Airlines' conduct described above was willful.

7.3     As a result, Representative Plaintiff and Class Members are entitled to compensatory damages, double damages, prejudgment interest, costs, and attorneys' fees under Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070.

**PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff prays for relief as follows:

A.     That this action be certified as a Class Action;

B.     That Crystal Krueger be appointed as representative of the Class Members;

C.     That the undersigned counsel for Representative Plaintiff be appointed as Class Counsel;

CLASS ACTION COMPLAINT - 11

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

D.    A judgment awarding Representative Plaintiff and Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

E.    Liquidated damages as permitted by law;

F.    Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070; and

G.    Whatever further and additional relief the court shall deem just and equitable.

DATED this 9th day of November, 2022.

/s/ Jason A. Rittereiser
Donald W. Heyrich, WSBA No. 23091
Jason A. Rittereiser, WSBA No. 43628
Rachel M. Emens, WSBA No. 49047
Henry Brudney, WSBA No. 52602
Joseph Wright, WSBA No. 55956
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: 206-838-2504
Fax:    206-260-3055
Email: dheyrich@hkm.com
          jrittereiser@hkm.com
          remens@hkm.com
          hbrudney@hkm.com
          jwright@hkm.com


/s/ Peter D. Stutheit
Peter D. Stutheit, WSBA No. 32090
**STUTHEIT KALIN LLC**
1 SW Columbia, Suite 1850
Portland, Oregon 97258-2040
Phone: (503) 493-7488
Fax:    503-715-5670
Email: peter@stutheitkalin.com

*Attorneys for Plaintiff*