THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL KRUEGER, an individual on behalf of herself and other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br><br>Defendant. | CASE NO. C22-1777-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 20) of this Court's order denying Plaintiff's motion to remand ("Order") (Dkt. No. 21). Having thoroughly considered the relevant record, the Court hereby DENIES the reconsideration motion for the reasons explained herein.

Defendant filed a notice of removal to federal court on December 15, 2022. (Dkt. No. 1.) The notice of removal asserted jurisdiction pursuant to the Class Action Fairness Act (CAFA). (*Id*.) Plaintiff filed a motion to remand, arguing that this Court lacked CAFA jurisdiction and, in the alternative, that an exception applied. (Dkt. No 10.) She also requested jurisdictional discovery. (*Id.* at 19.) This Court denied the motion to remand and found that no citizenship-based exception applied. (*See generally* Dkt. No. 21.) It also denied the request for jurisdictional

ORDER
C22-1777-JCC
PAGE - 1

discovery. (*Id*. at 5.) Plaintiff subsequently filed a motion to reconsider. (Dkt No. 20.)

Motions for reconsideration are generally disfavored. LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

First, Plaintiff argues the Court committed manifest error by disregarding Ninth Circuit precedent when it relied on Defendant's estimation that class members worked an average of one meal and one rest break eligible shift each week. (Dkt. No. 20 at 2.) Plaintiff misstates the precedent she claims the Court disregarded. *Harris* stands for the proposition that reasonable assumptions, supported by evidence, are sufficient to meet the preponderance standard in a removal action. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) ("The district court should weight the reasonableness of the removing party's assumptions . . . [the removing party did not meet its burden] because it relied on assumptions regarding the Meal Period and Rest Period subclass that were unreasonable."). Defendant was not required to provide "actual evidence" to rebut Plaintiff's arguments as Plaintiff asserts, as long as Defendant's estimations were reasonable, and thus the Court did not err. (Dkt. No. 20 at 2.)

Second, Plaintiff argues the Court erred when it accepted Defendant's class size calculation because Defendant misinterpreted the proposed class definition. (*See* Dkt. No. 20 at 3.) Plaintiff does not argue that the Court disregarded controlling precedent, nor does she provide new facts or legal authority.[1] Plaintiff's disagreement merely rehashes prior arguments. (*See id.*) As such, it is not a proper challenge for purposes of a motion for reconsideration.

Third, Plaintiff argues the Court erred when it concluded that she failed to meet her

---

[1] The proposed class definition Plaintiff emphasized in her motion is not new information and has been available to the Court since Defendant filed the notice of removal. (Dkt. No. 1-2.)

citizenship burden. (Dkt. No. 20 at 3.) Plaintiff argues this error is based on another flawed interpretation of the class definition that allows the Court to consider flight attendants who are part of the commuter travel program. (*See id.* at 3–4.) However, the Court's consideration of commuting flight attendants in its citizenship analysis was not error, let alone a manifest one. First, there is no language in the class definition that expressly excludes flight attendants who use non-revenue commuter travel. (*See* Dkt. No. 1-2 at 5–6.) Second, flight attendants must certify that they live in another *city* to qualify for commuter travel, not another state. (Dkt. Nos. 15 at 24; 17-2 at 2.) Accordingly, flight attendants could certify that they live in Washington and still qualify for the commuter travel program.

Fourth, Plaintiff claims that the Court did not review the entire record before determining whether residency evidence can establish citizenship. (Dkt. No. 20) (citing *Mondragon v. Capitol One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)). In its order, the Court reviewed and incorporated the entire factual record before concluding that Plaintiff's evidence only established residency, not citizenship. (Dkt. No. 21 at 5.) Therefore, Plaintiff's claim is baseless.

Lastly, Plaintiff contends that the Court erred when it did not permit jurisdictional discovery. In reasserting her jurisdictional discovery request, Plaintiff does not present any new authority that suggests the Court made a manifest error in its decision to deny jurisdictional discovery. (*See* Dkt. No 20 at 4–7.)

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 20) is DENIED.

DATED this 19th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE