UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL KRUEGER, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., an Alaska Corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>NO. 2:22-cv-01777-JCC<br><br>FIRST AMENDED COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

Plaintiff Crystal Krueger ("Representative Plaintiff"), on behalf of herself individually and others similarly situated, alleges as follows for her Complaint:

## I. INTRODUCTION

1.1 Flight attendants are the face of an airline. They smile as they serve their passengers rounds of beverages, snacks, and meals and as they collect their passengers' trash. They are charged with keeping their passengers safe by delivering briefings and performing life-saving duties when the need arises. They assist passengers in securing and retrieving luggage. They ensure that their passengers can relax and enjoy their flights by answering myriad call buttons. Yet, every day, these airline service workers are denied basic human privileges, such as using the restroom, eating a meal, or relaxing for even a few minutes. They are not paid for their pre- or post-flight time activities, nor for being "on-duty" and under their employer's rules any

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

time they set foot in an airport or on an aircraft. These workers suffer in silence every day while putting on a happy face for the passengers they serve.

1.2     Plaintiff brings this class action against Defendant Alaska Airlines, Inc. ("Alaska Airlines" or "Alaska") to redress Alaska Airlines' policies and practices of systematically denying its hourly Flight Attendant workers minimum wage, overtime pay, rest breaks, and meal periods as required by Washington law.

1.3     Plaintiff brings this action to recover unpaid regular wages, minimum wages, overtime wages, liquidated damages, interest, and attorneys' fees and costs, and to redress Alaska Airlines' illegal policies and practices and willful violations of Washington law.

## II.     PARTIES

2.1     Representative Plaintiff Crystal Krueger is an individual residing in Puyallup, Washington. She has worked as a Flight Attendant at Alaska Airlines in SeaTac, King County, Washington, since 2019. Ms. Krueger is a non-exempt employee in Washington within three years of the date of this Complaint. Ms. Krueger is a citizen and resident of Washington.

2.2     Defendant Alaska Airlines is an Alaska corporation with its corporate headquarters in SeaTac, Washington. Defendant Alaska Airlines is a citizen of Alaska and Washington.

2.3     Defendant Alaska Airlines is an "employer" subject to statutes governing employment in the state of Washington, including Ch. 49.12 RCW, Ch. 49.46 RCW, and Ch. 49.48 RCW.

## III.     JURISDICTION AND VENUE

3.1     The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010, and because Alaska Airlines has purposefully availed itself of the privileges of doing business in King County. Alaska Airlines employs all putative class members in Washington, and the unlawful acts alleged herein have a direct effect on individuals who are based and live in Washington.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 2

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

3.2 Venue is proper in King County pursuant to RCW 4.12.020 and 4.12.025 because Alaska Airlines: (a) presently transacts business in King County; (b) has an office for the transaction of business in King County; and (c) transacted business in King County at the time Representative Plaintiff's causes of action arose.

3.3 The federal district court for the Western District of Washington assumed jurisdiction over this case in conjunction with Defendant, Alaska Airline's, December 2022 Notice of Removal.

## IV.   FACTS

4.1 Alaska Airlines is the sixth largest airline in North America.

4.2 Alaska Airlines operates out of five hubs. Its primary hub is the Seattle-Tacoma International Airport in SeaTac, King County, Washington.

4.3 Alaska Airlines employs over 20,000 employees, including thousands of Flight Attendants like Representative Plaintiff Crystal Krueger.

4.4 Representative Plaintiff and the putative class are employed as Flight Attendants based at the Seattle-Tacoma International Airport.

4.5 Representative Plaintiff and the putative class are required to be on-duty at the Sea-Tac airport between one and two hours prior to the first flight of their shift.

4.6 Representative Plaintiff and the putative class are required to check in for their shift once they are within the geofencing boundaries of the airport, typically by using an application on their mobile phones.

4.7 After checking in, Representative Plaintiff and the putative class are on-duty—they must be in uniform and ready to respond to any calls, texts, or pages from their supervisors. They also must be ready to board alternate flights within a matter of minutes whenever they are at the airport if requested to do so.

4.8 When Representative Plaintiff and the putative class are on-duty, they are subject to discipline if they do not follow Alaska Airlines' uniform policies and procedures. They are otherwise under the control of Alaska Airlines.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 3

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

4.9     Representative Plaintiff and the putative class are required to be at their gates no later than 45 minutes prior to the flight's scheduled departure.

4.10    Representative Plaintiff and the putative class are required to perform work duties as soon as they are on board the aircraft, including, but not limited to, assisting passengers, providing service items, delivering exit row passenger briefings, performing compliance checks and securing the aircraft, closing the doors, arming the aircraft, cross-checking doors, and delivering safety and security briefings.

4.11    As a Washington employer, Alaska Airlines is obligated to: (a) foster a workplace culture that actively promotes meaningful break time for its hourly Flight Attendants; (b) ensure that such employees take all statutorily required meal and rest periods; (c) compensate them for all missed meal and rest periods; and (d) maintain accurate records of hours worked, which includes a duty to maintain accurate records regarding the timing, taking, and length of meal periods.

4.12    Washington law prohibits employers from requiring employees to work more than 5 consecutive hours without a meal period. To be compliant, meal periods must be completely duty-free, completely uninterrupted, of at least 30 minutes in length, and be taken no later than the fifth hour of work. Washington law also requires employers to pay employees for missed, interrupted, untimely, or shortened meal periods.

4.13    Through policies and practices common to all Flight Attendants based out of the Seattle-Tacoma International Airport, including Representative Plaintiff, Alaska Airlines has fostered a workplace culture that fails to provide employees with required meal and rest periods and prevents them from seeking pay for all missed breaks.

4.14    When on a flight, Flight Attendants must remain alert, vigilant, on-duty, and available at all times to respond to any passenger needs or safety or security issues that may arise.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 4

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

4.15    Accordingly, Flight Attendants do not receive 30 minutes of duty-free uninterrupted meal period time for every 5 hours of work. Nor do they receive duty-free rest periods of ten minutes in length for every 4-hour period of work.

4.16    After a flight lands, Representative Plaintiff and members of the putative class must remain on board the aircraft until all passengers have exited and must continue to perform their work tasks, such as assisting passengers and retrieving service items.

4.17    Once Representative Plaintiff and the putative class are allowed to exit an aircraft, unless that is their last flight of the day, they remain on-duty until their next scheduled flight.

4.18    Representative Plaintiff and members of the putative class do not receive the applicable minimum wage for each hour they are on duty, either on average over the course of a workweek or for each individual hour of work (i.e., hour by hour). They are paid in units called Trip For Pay ("TFP"). Alaska Airlines' TFP compensation system does not provide compensation for all time worked.

4.19    Representative Plaintiff and members of the putative class do not receive 1.5 times their regular rate of pay for each hour they are on duty beyond 40 hours per week.

4.20    Alaska Airlines does not separately compensate Representative Plaintiff or members of the class for rest breaks, regardless of whether a rest break is taken, nor does it compensate Representative Plaintiff or members of the class for missed rest periods.

4.21    Alaska Airlines maintains no system for Representative Plaintiff or putative class members to report or track when they miss meal or rest breaks or have meal periods interrupted, or shortened, or late.

4.22    Alaska Airlines does not separately compensate Representative Plaintiff or members of the putative class for missed, shortened, interrupted, or untimely meal periods.

## V.    CLASS ACTION ALLEGATIONS

5.1    Representative Plaintiff realleges and hereby incorporates by reference each of the paragraphs above.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 5

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

5.2     Representative Plaintiff brings this action on her own behalf, as well as on behalf of all other similarly situated employees.

Plaintiff's proposed class is defined as follows:

> Alaska Airlines Flight Attendants who are based out of Seattle-Tacoma International Airport and residents of the State of Washington, for the time period beginning three years prior to the filing of this Complaint to the date of trial.

All members of the class are collectively referred to as "Class Members." As used in this Complaint, the "relevant time period" is from three years prior to the filing of the original Complaint until certification of the class in this lawsuit.

5.3     As enumerated above, Alaska Airlines engaged in common acts, practices, and policies that violated the Representative Plaintiff's and Class Members' rights under Washington state wage and hour laws. Accordingly, Representative Plaintiff seeks certification of the proposed class under Fed. R. Civ. P. 23(b)(3) or under CR (b)(3).

5.4     Representative Plaintiff's claims meet the requirements for certification. There is a well-defined community of interest in the litigation and the Class Members are readily ascertainable.

a.  <u>Numerosity</u>: The Class is so numerous that joinder of all Class Members is impractical. The membership of the class is unknown to Representative Plaintiff at this time. However, based on Representative Plaintiff's investigation, and on information and belief, the number of class members is reasonably estimated to be 4,000. The identities of Class Members are readily ascertainable from Alaska Airlines' employment records.

b.  <u>Typicality</u>: Plaintiff's claims are typical of those of the other Class Members because:

   i.   Representative Plaintiff Crystal Krueger is a member of the putative class;
   
   ii.  Representative Plaintiff was and is a non-exempt employee, employed as a Flight Attendant at Alaska Airlines who has regularly worked shifts of more than 5 hours;

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 6

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

        iii. Representative Plaintiff is Washington citizen and her home hub for Alaska Airlines is Seattle-Tacoma International Airport;

        iv. Representative Plaintiff's claims stem from the same practices or course of conduct that form the basis of the class claims;

        v. All of the Class Members' claims are based on the same facts and legal theories;

        vi. There is no antagonism between Representative Plaintiff's interests and the Class Members because their claims are for damages provided to each individual employee by statute; and

        vii. The injuries that Representative Plaintiff suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

    c. <u>Adequacy</u>: Representative Plaintiff will fairly and adequately protect the interests of the Class because:

        i. There is no conflict between Representative Plaintiff's claims and those of the other Class Members;

        ii. Representative Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member;

        iii. Representative Plaintiff agrees to actively participate in the case and protect the interests of the putative Class Members;

        iv. Representative Plaintiff has retained counsel experienced in handling wage-and-hour class actions who have already devoted substantial time and resources to investigating the Class Members' claims and who will vigorously prosecute this litigation; and

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

    v. Representative Plaintiff's claims are typical of the claims of Class Members in that her claims stem from the same practice and course of conduct that forms the basis of the class claims.

 d. <u>Superiority</u>: Class action adjudication is superior to other methods of adjudication for at least the following reasons:

    i. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages;

    ii. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications;

    iii. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and her attorneys will vigorously pursue the claims on behalf of the Class Members; and

    iv. A class action will be an efficient method of adjudicating the claims of the Class Member employees.

 e. <u>Public Policy Considerations</u>: Employers in Washington regularly violate wage-and-hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 8

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

      f.   <u>Predominance</u>: There are questions of law and fact common to the Class Members, which predominate over any issues involving only individual class members, including but not limited to:

        a.   Whether Alaska Airlines pays its Flight Attendants on a piecework basis;

        b.   If Flight Attendants are *not* paid on a piecework basis, whether Alaska Airlines pays its Flight Attendants minimum wage for each hour on duty separate from other compensation;

        c.   If Flight Attendants are paid on a piecework basis, whether Alaska Airlines pays its Flight Attendants minimum wage for their hours on duty on average over the course of a workweek;

        d.   Whether Alaska Airlines pays its Flight Attendants the applicable overtime rate for all hours on duty in excess of 40 hours per week;

        e.   Whether Alaska Airlines fulfills its mandatory obligations under Washington law to ensure that legally compliant meal periods are taken by Flight Attendants;

        f.   Whether Alaska Airlines fulfills its mandatory obligations under Washington law to ensure that legally compliant rest breaks are taken by Flight Attendants;

        g.   If Alaska Airlines compensates its Flight Attendants on a piecework basis, whether it compensates its Flight Attendants separately for rest breaks;

        h.   Whether Flight Attendants who work more than 10 consecutive hours are denied additional legally compliant meal periods;

        i.   Whether Alaska Airlines has a policy of requiring Flight Attendants to work more than 5 consecutive hours without a meal period;

        j.   Whether Flight Attendants who were not provided uninterrupted meal periods at least 30 minutes in length in each 5-hour period of work were compensated for each missed or non-compliant meal period;

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

k.  Whether Alaska Airlines ensures class members take rest breaks;

l.  If Flight Attendants are *not* paid on a piecework basis, whether Alaska Airlines pays class members for legally non-compliant rest breaks;

m. Whether Alaska Airlines violated Washington wage and hour laws;

n.  Whether Alaska Airlines' conduct was willful or reckless; and

o.  The nature and extent of class wide injury and the measure of compensation for such injury.

## VI. FIRST CAUSE OF ACTION – FAILURE TO PAY WAGES OWED IN VIOLATION OF WASHINGTON LAW

6.1  Representative Plaintiff realleges and hereby incorporates by reference each of the paragraphs above.

### Count 1 – Missed Meal Periods

*On behalf of Representative Plaintiff in her individual capacity and on behalf of All Class Members*

6.2  Alaska Airlines' policies and practices, described above, deny Representative Plaintiff and the putative class members legally compliant meal periods and deny them pay for legally non-compliant meal periods.

6.3  Representative Plaintiff and the putative class members have therefore been deprived of pay for all regular and overtime hours, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW 49.52.050.

### Count 2 – Rest Breaks

6.4  Alaska Airlines' policies and practices, described above, deny Representative Plaintiff and the putative class members legally compliant rest periods.

6.5  If class members are *not* paid on a piecework basis, Alaska Airlines' policies and practices, described above, deny Representative Plaintiff and the putative class members pay for each legally non-compliant rest period.

6.6  If class members are paid on a piecework basis, Washington law entitles them to compensation for rest breaks—separate from their piecework pay—of an additional ten minutes

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 10

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

of pay at their applicable regular or overtime rate for each duty period of four hours. Alaska Airlines' policies and procedures, described above, fail to so compensate Representative Plaintiff and the putative class members.

6.7  Representative Plaintiff and the putative class members have therefore been deprived of pay for all regular and overtime hours, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW 49.52.050.

### Count 3 – Minimum Wage
*On Behalf of Representative Plaintiff and All Class Members*

6.8  Alaska Airlines' failure to compensate Representative Plaintiff and putative class members at the applicable minimum wage for each hour worked on an hour-by-hour basis violates Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050.

6.9  Alternatively, if Alaska Airlines compensates Representative Plaintiff and Class Members on a piecework basis, Alaska Airlines' failure to compensate Representative Plaintiff and Class Members at the applicable minimum wage for all hours worked on average over the course of a workweek violates Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050.

### Count 4 – Failure to Pay Overtime Wages
*On Behalf of Representative Plaintiff and All Class Members*

6.10  Washington employees who work more than 40 hours in a seven-day workweek must be paid at least one and one-half times the employee's regular rate of pay or, if paid on a piecework basis, one and one-half times the piecework rate during the overtime period.

6.11  Alaska Airlines' policies and practices described above deny Representative Plaintiff and the putative class pay at a rate of one and one-half times their regular rate of pay when they work more than 40 hours in a workweek in violation of Washington law, including RCW 49.46.130 and RCW 49.52.050.

6.12  Alternatively, if Flight Attendants are paid on a piecework basis, Alaska Airlines' policies and practices described above deny Representative Plaintiff and the putative class pay at

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 11

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

a rate of one and one-half times their piecework or regular rate when they work more than 40 hours in a workweek in violation of Washington law, including RCW 49.46.130 and RCW 49.52.050.

## VII. SECOND CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF WASHINGTON LAW

*On behalf of Representative Plaintiff in her individual capacity and on behalf of All Class Members*

7.1 Representative Plaintiff realleges and hereby incorporates by reference each of the paragraphs above.

7.2 Alaska Airlines' conduct described above was willful.

7.3 As a result, Representative Plaintiff and Class Members are entitled to compensatory damages, double damages, prejudgment interest, costs, and attorneys' fees under Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070.

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff prays for relief as follows:

A. That this action be certified as a Class Action;

B. That Crystal Krueger be appointed as representative of the Class Members;

C. That the undersigned counsel for Representative Plaintiff be appointed as Class Counsel;

D. A judgment awarding Representative Plaintiff and Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

E. Liquidated damages as permitted by law;

F. Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070; and

G. Whatever further and additional relief the court shall deem just and equitable.

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 12

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

DATED this 4th day of October 2023.

*s/Donald W. Heyrich*
Donald W. Heyrich, WSBA No. 23091
*s/ Jason A. Rittereiser*
Jason A. Rittereiser, WSBA No. 43628
*s/ Rachel M. Emens*
Rachel M. Emens, WSBA No. 49047
*s/ Henry Brudney*
Henry Brudney, WSBA No. 52602
*s/ Joseph Wright*
Joseph Wright, WSBA No. 55956
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: 206-838-2504
Fax:    206-260-3055
Email: dheyrich@hkm.com
           jrittereiser@hkm.com
           remens@hkm.com
           hbrudney@hkm.com
           jwright@hkm.com

*s/ Kyann C. Kalin*
Kyann C. Kalin, Admitted Pro Hac Vice
*s/ Peter D. Stutheit*
Peter D. Stutheit, WSBA No. 32090
**STUTHEIT KALIN LLC**
208 SW First Ave., Suite 260
Portland, Oregon 97204
Phone: 971-285-7578
Email: kyann@stutheitkalin.com
           peter@stutheitkalin.com
*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT
(Case No. 2:22-cv-01777-JCC) - 13

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504